## No. 9765.

### ROSENBERG *v.* TENNANT.

1. NEGLIGENCE—*Right of Property Owner to Prevent Invasion Thereof.* The owner of a city lot may erect a fence to obstruct travel across the corner thereof.

The character of the obstruction does not concern the public save so far as it will or will not afford notice of its presence to those attempting to use the cut-off. In an action by one injured by collision with the fence, in the night-time, the amount of travel over the cut-off, and the length of time it had been used are to be considered in determining the question of negligence.

2. INSTRUCTIONS—*Misleading.* In an action for negligence, tried in the County Court on appeal from a justice of the peace, the jury were referred to the declaration for the detail of the negligence charged. There being no pleadings in such case, *Held* that the jury were left without light as to what was alleged against defendant.

3. *Assuming What is in Dispute,* is error.

4. *Too General.*  Defendant erected a fence to exclude travel across
    the corner of his lot.  Plaintiff driving against it in the even-
    ing was injured, and brought an action for the injury.  The
    jury were told that it would be negligence to place in the
    former used road a barbed wire fence that might occasion dam-
    age to a traveller "by the ordinary casualties" of travel.  Held
    too broad in the passage quoted.  That the only damage for
    which defendant would be liable was that which might result
    from negligence in not giving notice of the presence of the
    fence; that the instruction took from the jury the question of
    the sufficiency of the notice of the change in the passage.

*Error to Fremont County Court, Hon. Kent L. Eldred,
Judge.*

*Application for Supersedeas.*

Mr. GEORGE H. WILKES and Messrs. JEFFREY & STINE-
MEYER, for plaintiff in error.

Messrs. McLAIN & PEASE and Mr. I. W. IBBOTSON, for
defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error sued plaintiff in error in a justice
court to recover damages for personal injuries, and had
judgment.  On appeal to the County Court, a like result
followed and the cause is now here on error.

Plaintiff was injured while riding in an automobile
which collided with a barbed wire fence across a corner of
defendant's property.  This fence, some twenty-one feet
long, and consisting of but two wires, had been built by the
defendant, on the day of the accident, to prevent people
from using a portion of a vacant lot as a "cut off" from
the street in front of the lot to the street at the side there-
of.  Plaintiff's witnesses testified that the cut off, or drive-
way, had been used for years, but afterwards corrected
their statements in view of evidence that less than two
years before the accident a fence on the lots had been re-
moved, thus for the first time making such cut off possible.
It appears that this driveway had been used more or less,
with some interruptions for a period of a year and a half.

Defendant testified that he protested to the owners of teams, which began the use of this way, and that when the protests were unavailing, he built a small garage across this beaten track. Then, it appears, parties made a track around the garage. Defendant testified also that some time before the accident, he placed a notice on said track that it was not to be used, also that when he built the fence he attached such a notice to a post at the corner of the lot where it could be seen by persons using the way, also that there was a board supporting the wires where they crossed said way, and another board, between the wires projecting from the garage. This post was one of the end supports of the wires, the garage furnishing the other support. The accident occurred just after dark.

If the defendant was guilty of actionable negligence, it must have been due to his failure to give such notice of the obstruction across the way as was reasonable under such circumstances. That he had the right to fence his lot cannot be doubted, it not being claimed that the track used was a public road. The kind of fence he put up did not concern the public, except so far as the fence itself would or would not notify persons using the driveway in time to avoid collision therewith. Of course the amount of travel over this cut off, and the length of time it had been used, were matters to be considered in determining the question of negligence.

It is urged that the Court erred in the giving of Instructions 1 and 2. The part of Instruction No. 1 to which objection is made, reads as follows: "Gentlemen of the jury, if you believe, from the evidence, that the plaintiff has sustained injuries on account of the negligence of the defendant as set forth and claimed in his declaration, then the measure of his recovery is such damages as will compensate him for such injuries. The elements which may enter into such damages are the following."

The objection to it is that it directs the jury to plaintiff's declaration for a statement of the negligence charged, when in fact, the case having begun in a justice court,

there were no pleadings. This left the jury without light as to the acts of negligence charged, and free to determine what such act was or might be, for which defendant would be liable.

· Instruction 2 is as follows: "In order to entitle the plaintiff to recover, the plaintiff must establish that the defendant was negligent in the acts complained of and that the accident complained of and the accident sustained, by reason thereof, were not contributed to in any way or manner by any neglect or careless act of the plaintiff. It would be neglect for the defendant to place in the former used road, a barbed wire fence which might occasion damage to travelers by reason of the ordinary casualties that travelers are liable to encounter while traveling said roadway, unless said defendant had given the public due notice that said road had been closed. And it would devolve upon the plaintiff, while traveling upon said roadway to use ordinary care in driving his automobile and avoid accident that might happen."

The objection made to this is that it assumes the existence of a road, which was a matter in dispute. Clearly if the use of said way was such as to constitute it a road, a different degree of care would be required in closing it from what would be sufficient, if infrequently used and for a short period.

This instruction contains the only approach to a definition of the negligence, which would entitle the plaintiff to recover, which the court gave the jury. Its declaration as to defendant's liability is too general and broad. If he had erected a fence from which travelers might reasonably be expected to receive injury, if not notified of its presence, he would be liable for such injury, but he would not be liable  because it "might occasion damage to travelers by reason of the ordinary casualties that travelers are liable to encounter while traveling said roadway," even if he had not given notice of the fencing of the track. A bolting horse, or an automobile with a defective steering gear might collide with the fence and damage result there-

from, regardless of notice of the obstruction. The only damage occasioned by the presence of the fence across the beaten track, for which defendant would be liable is that which resulted from negligence in the matter of notice. This instruction apparently recognizes that fact, but states the requirement of notice in such a way as to suggest that, as a matter of law, notice must precede the closing of the road. That took from the jury the question, presented by the evidence, of the sufficiency of the notice to which plaintiff testified; that is the notice given by the boards in the fence and the notice posted that day on the post, all of which was to be considered in relation to the amount and kind of travel over the said way.. If it did not appear that the way was used in the nighttime, a notice would be sufficient, which would otherwise not be so.

These instructions are as likely to mislead the jury as to aid them, and the one last considered was positively misleading.

The jury should have been instructed that defendant's liability for damages depended upon whether or not, in erecting said fence, he exercised such care, by way of its construction, and in the notice of its presence, as an ordinarily prudent person would exercise, under the same or similar circumstances. The circumstances, of course, include the extent of the use of said way, and what defendant knew or should have known of such use, and the fact that persons using the road were trespassers, unless shown by the evidence to be licensees.

For error in the instructions, the judgment is reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.